## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | Case No. 4:17-CV-00539 |
| **KENT P. WATTS, MICHAEL E. WATTS, AND KIRBY CALDWELL** | § § § § | |
| **Defendants.** | § § § | |

### ANSWER OF DEFENDANT MICHAEL WATTS

For his answer, related affirmative allegations, and statements of affirmative defenses, defendant Michael Watts ("Watts") hereby answers the Complaint in this matter as follows, subject to amendment and/or supplementation as may be appropriate under the Federal Rules of Civil Procedure:

1.      Answering paragraph 1, defendant Watts, on his own behalf, denies the allegations set forth therein related to any "fraudulent scheme", and denies the allegation that he controlled Duma.  At some point prior to the approval by the board members of HCN and Duma of the merger, Kent and Michael Watts discussed the possibility of a business combination involving HCN and Duma.  Defendant Watts admits that he believed uplisting the stock of Hydrocarb Energy Corporation ("HEC") would facilitate HEC's capital raising efforts. Defendant Watts was not, however, focused on any future sale of HEC shares.

2.      Answering paragraph 2, defendant Watts, on his own behalf, denies the

ANSWER OF DEFENDANT
MICHAEL WATTS

allegations set forth in the first three sentences.  As to the fourth sentence, defendant Watts admits the allegations set forth therein.

3.      Answering paragraph 3, defendant Watts, on his own behalf, denies the allegations set forth therein.

4.      Answering paragraph 4, defendant Watts, on his own behalf, denies the allegations set forth therein.

5.      Answering paragraph 5, defendant Watts, on his own behalf, denies the allegations set forth therein.

6.      Answering paragraph 6, defendant Watts, on his own behalf, generally denies the allegations set forth therein, but specifically admits that the SEC seeks the stated relief in this action.

7.      Answering paragraph 7, defendant Watts, on his own behalf, generally denies the allegations set forth therein, but specifically admits that this Court has jurisdiction over this action.

8.      Answering paragraph 8, defendant Watts, on his own behalf, generally denies the allegations set forth therein, but specifically admits that venue is proper in this District.

9.      Answering paragraph 9, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

10.      Answering paragraph 10, defendant Watts, on his own behalf, denies the allegations in the first sentence.  As to the second sentence, defendant Watts admits the allegations set forth therein.

11.      Answering paragraph 11, defendant Watts, on his own behalf, admits that he is the brother of Kent Watts, but denies that he is 71 years old. Defendant Watts is 60 years old.

12.      Answering paragraph 12, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

13.      Answering paragraph 13, defendant Watts, on his own behalf, admits the

**ANSWER OF DEFENDANT**
**MICHAEL WATTS**

allegations set forth therein on information and belief.

14.     Answering paragraph 14, defendant Watts, on his own behalf, admits he owned a company named Geoserve which held limited stock. Watts admits that his son-in-law Jeremy Driver served as Duma's president and CEO. Watts admits that his children as well as Jeremy Driver held Duma stock. Defendant Watts denies all other allegations in this paragraph.

15.     Answering paragraph 15, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

16.     Answering paragraph 16, defendant Watts, on his own behalf, admits that Duma filed an application to have its stock listed on NASDAQ, but denies that he controlled Duma nor was he aware of the application when it was filed. As to the second sentence, defendant Watts denies the allegations set forth therein.  As to the third sentence, defendant Watts admits that a Memorandum of Understanding ("MOU") was prepared but denies that the MOU reflected a final plan of merger. Upon information and belief, the MOU was never signed.

17.     Answering paragraph 17, defendant Watts, on his own behalf, denies the allegations set forth therein.

18.     Answering paragraph 18, defendant Watts, on his own behalf, admits a goal of the MOU was to get the company uplisted to a major exchange. Watts admits that he held stock in a company called Hyperdynamics, Corp. which was uplisted to the American Stock Exchange. Watts denies that the uplisting of Hyperdynamics, Corp. was the result of any sort of scheme nor was it illegal.

19.     Answering paragraph 19, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

20.     Answering paragraph 20, defendant Watts, on his own behalf, denies the allegations set forth therein.   I assume this is denying any wrong doing that  may be inferred from the statement they are making.

**ANSWER OF DEFENDANT**
**MICHAEL WATTS**

21.     Answering paragraph 21, defendant Watts, on his own behalf, does not have enough information to admit or deny. As such, presently he denies the allegations set forth therein.

22.     Answering paragraph 22, defendant Watts, on his own behalf, does not have enough information to admit or deny.  As such, presently he denies the allegations set forth therein.

23.     Answering paragraph 23, defendant Watts, on his own behalf, generally denies the allegations set forth therein, but specifically admits that HCN sold 575,000 shares to Caldwell in September 2013 in exchange for a $1 million note.

24.     Answering paragraph 24, defendant Watts, was not a party to the Caldwell transaction and thus does not have any knowledge as to the terms of such and on such basis, generally denies the allegations set forth therein.

25.     Answering paragraph 25, defendant Watts, on his own behalf, admits the allegation set forth in the first two sentences.  As to the remainder of paragraph 25, defendant Watts denies the allegations set forth therein.

26.     Answering paragraph 26, defendant Watts, on his own behalf, denies the allegations set forth therein.

27.     Answering paragraph 27, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

28.     Answering paragraph 28, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

29.     Answering paragraph 29, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

30.     Answering paragraph 30, defendant Watts, on his own behalf, denies the allegations set forth therein.

4

**ANSWER OF DEFENDANT**
**MICHAEL WATTS**

31.     Answering paragraph 31, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

32.     Answering paragraph 32, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations.  Accordingly, defendant Watts denies the allegations set forth therein.

33.     Answering paragraph 33, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

34.     Answering paragraph 34, defendant Watts, on his own behalf, denies the allegations set forth therein.

35.     Answering paragraph 35, defendant Watts, on his own behalf, admits the allegations set forth in the first sentence.  As to the second sentence, Defendant Watts is unable to answer the allegation because he is unfamiliar with the term "low cash flow."  As to the third, fourth, and fifth sentences, defendant Watts is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

36.     Answering paragraph 36, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

37.     Answering paragraph 37, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

38.     Answering paragraph 38, defendant Watts, on his own behalf, admits the allegations set forth in the first sentence.  Defendant Watts denies the allegations set forth in the remainder of paragraph 38.

5

39.     Answering paragraph 39, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

40.     Answering paragraph 40, defendant Watts, on his own behalf, denies the allegations set forth therein.

41.     Answering paragraph 41, defendant Watts, on his own behalf, denies the allegations set forth therein.

42.     Answering paragraph 42, defendant Watts, on his own behalf, admits the allegations set forth in the first sentence.  Defendant Watts denies the allegations set forth in the remainder of paragraph 42.

43.     Answering paragraph 43, defendant Watts, on his own behalf, denies the allegations set forth therein.

44.     Answering paragraph 44, defendant Watts, on his own behalf, denies the allegations set forth therein.

45.     Answering paragraph 45, defendant Watts, on his own behalf, denies the allegations set forth therein.

46.     Answering paragraph 46, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

47.     Answering paragraph 47, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

48.     Answering paragraph 48, defendant Watts, on his own behalf, denies the allegations set forth therein.

49.     Answering paragraph 49, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth.  Answering further, defendant Watts specifically admits that the certification contains the quoted language.

**ANSWER OF DEFENDANT**
**MICHAEL WATTS**

50.     Answering paragraph 50, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

51.     Answering paragraph 51, defendant Watts, on his own behalf, admits the allegations set forth in the first sentence.  Defendant Watts denies the allegations set forth in the remainder of paragraph 51.

52.     Answering paragraph 52, defendant Watts, on his own behalf, denies the allegations set forth therein.

53.     Answering paragraph 53, defendant Watts, on his own behalf, denies the allegations set forth therein.

54.     Answering paragraph 54, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations.  Accordingly, defendant Watts denies the allegations set forth therein.

55.     Answering paragraph 55, defendant Watts, on his own behalf, admits the allegations set forth in the first sentence.  Defendant Watts denies the allegations set forth in the second sentence.  Defendant Watts admits the allegations set forth in the third sentence.  As to the remainder of paragraph 55, defendant Watts is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

56.     Answering paragraph 56, defendant Watts, onu his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

57.     Answering paragraph 57, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

58.     Answering paragraph 58, defendant Watts, on his own behalf, admits the

ANSWER OF DEFENDANT
MICHAEL WATTS

allegations set forth therein on information and belief.

59.      Answering paragraph 59, defendant Watts, on his own behalf, admits the allegations set forth in the first sentence.  Defendant Watts further admits that the referenced 8-K did not contain the reasons for the directors' resignation.  Regarding the remainder of paragraph 59, defendant Watts is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

60.      Answering paragraph 60, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

61.      Answering paragraph 61, defendant Watts, on his own behalf, denies the allegations set forth therein.

62.      Answering paragraph 62, defendant Watts, on his own behalf, denies the allegations set forth therein.

63.      Answering paragraph 63, defendant Watts, on his own behalf, denies the allegations set forth therein.

64.      Answering paragraph 64, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

65.      Answering paragraph 65, defendant Watts, on his own behalf, denies the allegations set forth therein.

66.      Answering paragraph 66, defendant Watts, on his own behalf, denies the allegations set forth therein.

67.      Answering paragraph 67, defendant Watts, on his own behalf, denies the allegations set forth therein.

68.      Answering paragraph 68, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

69.      Answering paragraph 69, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on

**ANSWER OF DEFENDANT
MICHAEL WATTS**

that basis, denies the allegations set forth therein.

70.     Answering paragraph 70, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

71.     Answering paragraph 71, defendant Watts, on his own behalf, denies the allegations set forth therein.

72.     Answering paragraph 72, defendant Watts, on his own behalf, denies the allegations set forth therein.

73.     Answering paragraph 73, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

74.     Answering paragraph 74, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

75.     Answering paragraph 75, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

76.     Answering paragraph 76, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

77.     Answering paragraph 77, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

78.     Answering paragraph 78, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

79.     Answering paragraph 79, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

**ANSWER OF DEFENDANT**
**MICHAEL WATTS**

80.     Answering paragraph 80, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

81.     Answering paragraph 81, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

82.     Answering paragraph 82, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

83.     Answering paragraph 83, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

84.     Answering paragraph 84, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

85.     Answering paragraph 85, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

86.     Answering paragraph 86, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

87.     Answering paragraph 87, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

88.     Answering paragraph 88, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

89.     Answering paragraph 89, defendant Watts, on his own behalf, is without

sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

90.    Answering paragraph 90, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

91.    Answering paragraph 91, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

92.    Answering paragraph 92, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

93.    Answering paragraph 93, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

94.    Answering paragraph 94, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

95.    Answering paragraph 95, defendant Watts, on his own behalf, generally denies the allegations set forth therein, but specifically admits that HEC's stock had been registered pursuant to Section 12 of the Exchange Act prior to June 22, 2017.

96.    Answering paragraph 96, defendant Watts, on his own behalf, admits the allegations set forth therein on information and belief.

97.    Answering paragraph 97, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

98.    Answering paragraph 98, defendant Watts, on his own behalf, is without sufficient information to form a belief as to the truth of the allegations therein at this time and, on that basis, denies the allegations set forth therein.

**ANSWER OF DEFENDANT**
**MICHAEL WATTS**

99.     Answering paragraph 99, defendant Watts, on his own behalf, denies the allegations set forth therein.

100.     Answering paragraph 100, defendant Watts, on his own behalf, denies the allegations set forth therein.

## Affirmative Defenses

Having fully answered and responded to the Complaint, Watts also asserts the following affirmative defenses pursuant to 8(c), Fed. R. Civ. P., with full reservation of rights to amend to add any affirmative defense in accord with the Federal Rules of Civil Procedure and/or governing law: reliance on counsel.

## Jury Demand

In accordance with Fed. R. Civ. P. 38(b), Defendant Kent Watts demands a jury trial on all issues so triable.

Respectfully Submitted,

**CHRISTIAN SMITH & JEWELL**

By:   _/s/ Gary Jewell_
     Gary M. Jewell
     State Bar No. 10664800
     _gjewell@csj-law.com_
     James W. Christian
     State Bar No. 04228700
     _jchristian@csj-law.com_
     Timothy Cook
     State Bar No. 24101646
     _tcook@csj-law.com_
     2302 Fannin, Suite 500
     Houston, Texas  77002
     Tel:   713.659.7617
     Fax:   713.659.7641

     Attorney for Defendant
     MICHAEL WATTS

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule LR5.1. A copy of the foregoing document is being served through the Court's electronic filing system and/or electronically, upon:

Timothy McCole
U.S. Securities and Exchange Commission
Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102-6882
mccolet@sec.gov
Attorney for Plaintiff, SEC

Stephen J. Korotash
Jeaneen M. Kappell
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000
Fax: 214.466.4001
steve.korotash@morganlewis.com
jeaneen.kappell@morganlewis.com
ATTORNEYS FOR DEFENDANT
KENT WATTS

**ANSWER OF DEFENDANT**
**MICHAEL WATTS**